[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————————

No. 23-12573

Non-Argument Calendar

————————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

KENSECO ARTESE GRANT,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 5:21-cr-00406-LCB-HNJ-1

————————————————

Before JORDAN, LAGOA, and BLACK, Circuit Judges.

PER CURIAM:

Kenseco Grant appeals the district court's order denying his motion to suppress evidence, arguing that an initial, warrantless search of his home was a Fourth Amendment violation and that evidence discovered in a subsequent, warranted search was not admissible under either the exigent-circumstances doctrine or the independent-source doctrine. After review,[1] we affirm the district court.

## I . EXIGENT CIRCUMSTANCES

The Fourth Amendment protects the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures" and provides "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV. Searches and seizures inside a defendant's home without a warrant are presumptively unreasonable but may be allowed under certain carefully drawn exceptions. *United States v. Yeary*, 740 F.3d 569, 579 (11th

---

[1] When reviewing the denial of a motion to suppress, we review the district court's factual determinations for clear error and its application of law to the facts *de novo*. *United States v. Lewis*, 674 F.3d 1298, 1302-03 (11th Cir. 2012). The facts are construed in a light most favorable to the prevailing party below, with substantial deference afforded to the factfinder's explicit and implicit credibility determinations. *Id*. at 1303.

Cir. 2014).  Under the exigent-circumstances exception, a warrant-less search is allowed where there is both probable cause and exi-gent circumstances.  *United States v. Tobin*, 923 F.2d 1506, 1510 (11th Cir. 1991) (*en banc*).

Probable cause exists when, under the "totality-of-the-cir-cumstances there is a fair probability that contraband or evidence of a crime will be found in a particular place," or "where the facts lead a reasonably cautious person to believe that the search will uncover evidence of a crime." *Id.* (quotation marks and alterations omitted).  Probable cause is "not a high bar." *United States v. Bab-cock*, 924 F.3d 1180, 1192 (11th Cir. 2019) (quotation marks omit-ted).  "Although probable cause requires more than reasonable sus-picion that criminal behavior is afoot, it doesn't entail the same standard of conclusiveness and probability as the facts necessary to support a conviction." *Id.* (quotation marks omitted).  "Rather, it requires only a substantial chance that evidence of criminal activity exists." *Id.* (quotation marks omitted).  A "substantial chance exists where the facts within the collective knowledge of law enforce-ment officials suffice to cause a person of reasonable caution to be-lieve that a criminal offense has been or is being committed" and "that evidence of that offense will be found in a particular place." *Id.* (quotation marks omitted).

The presence of contraband without more does not give rise to exigent circumstances. *Id.*  An exigent situation may arise when there is danger the evidence will be destroyed or removed. *Id.*  We have held the need to invoke the exigent-circumstances exception

to the warrant requirement is particularly compelling in narcotics cases because narcotics can be so quickly destroyed. *Id.* The test of whether exigent circumstances exist is an objective one, where the appropriate inquiry is whether the facts would lead a reasonable, experienced agent to believe evidence might be destroyed before a warrant could be secured. *Id.*

"Circumstances are not normally considered exigent where the suspects are unaware of police surveillance." *Tobin*, 923 F.2d at 1511. However, in *Tobin*, we determined that, when an officer smelled the odor of marijuana after a door to the home was opened, "the defendants and anyone else who might have been present in the house would have been aware of the agent's suspicions at that moment. Danger that the defendants or someone else inside the house might destroy the evidence thus provided the exigent circumstances required to justify a warrantless search." *Id.* at 1512. An agent also can reasonably conclude from a defendant's "hurried actions and furtive looks" that the defendant was "either aware or afraid that someone was watching them," and thus, destruction or removal of some portion of the narcotics was a possibility. *Id.* at 1511.

The initial, warrantless search of Grant's home was allowed under the exigent-circumstances doctrine, and the officers did "no more than was reasonably required to maintain the evidence" by determining the number of occupants in the home to prevent them from destroying evidence while they obtained a warrant to perform a full search. *See United States v. Bradley*, 644 F.3d 1213, 1263

23-12573                Opinion of the Court                5

(11th Cir. 2011) (stating to prevent the destruction of evidence, officers may do "no more than [is] reasonably required to maintain the evidence" while they seek a warrant).  First, multiple facts establish probable cause under the totality of the circumstances.  The smell of marijuana from the home, alone, was enough to establish probable cause.  *See Tobin*, 923 F.2d at 1512 (determining the odor of marijuana can give rise to probable cause).  Probable cause was further supported by (1) the fact that another agent had informed Agent Blake Dean they had been watching Grant's home and stopped a party leaving the home after a drug deal; (2) confidential informants had informed Agent Dean they believed Grant was selling drugs from his home; and (3) Grant's furtive behavior when staring at the officers before driving off at a high rate of speed.  *See id.* at 1510 (explaining officers observing defendants behaving suspiciously, such as furtive behavior, may help support a finding of probable cause).  Together, these facts met the requirement of a substantial chance that evidence of criminal activity existed.  *See Babcock*, 924 F.3d at 1192.

Exigent circumstances also existed because there was a danger that evidence could be destroyed.  When Grant's sister opened the door and the officers smelled marijuana, she, and anyone else in the home, became aware the officers had suspicion as to the possession of marijuana and the danger that someone else inside the house might destroy the evidence arose, providing the exigent circumstances required to justify a warrantless search at that moment.  *See Tobin*, 923 F.2d at 1512.  Thus, both probable cause and exigent circumstances existed permitting the entry into Grant's

home to prevent the destruction of evidence.  Accordingly, there was no Fourth Amendment violation.

## II.  INDEPENDENT SOURCE

Whether an officer would have sought the search warrant even if he had not conducted the protective sweep is a question of fact.  *United States v. Noriega*, 676 F.3d 1252, 1263 (11th Cir. 2012). Under the independent-source exception, "evidence obtained from a lawful source that is independent of any Fourth Amendment violation is admissible, the rationale being that the exclusionary rule should not put the government in a worse position than if the constitutional violation had not occurred."  *Id.* at 1260.

> When a government agent makes an initial warrantless entry that arguably violates the Fourth Amendment and then relies in part on what he saw during that entry to obtain a search warrant, we apply a two-part test to determine whether evidence seized during the exception of the warrant was discovered independent of the initial entry and is therefore admissible regardless of whether that first entry violated the Fourth Amendment. The first thing we do is excise from the search warrant affidavit any information gained during the arguably illegal initial entry and determine whether the remaining information is enough to support a probable cause finding.  If the remaining or nonexcised information is enough to support a probable cause finding, the second thing we do is determine whether the officer's decision to seek the warrant was prompted by what he had seen during

the arguably illegal entry.  To determine whether an officer's decision to seek a warrant is prompted by what he saw during the initial entry, courts ask whether the officer would have sought the warrant even if he had not entered.  If the officer would have done so, his decision to seek the search warrant is supported by an independent source, and the evidence seized under the warrant is admissible regardless of whether the initial entry violated the Fourth Amendment.

*Id.* at 1260-61 (quotation marks and citations omitted).

The evidence discovered in the warranted search was also admissible under the independent-source doctrine, regardless of whether the initial search was a Fourth Amendment violation.  Excluding the facts that one of Grant's sisters was in the home and that there was marijuana on Grant's dresser, the search warrant affidavit still included that (1) agents received information from several confidential informants that Grant sold drugs from his home; (2) Grant and another man slowly drove past the officers twice and observed them before speeding off; and (3) an odor of marijuana emanated from the home when Grant's sister opened the door. *See United States v. Weinrich*, 586 F.2d 481, 490 (5th Cir. 1978)[2] (stating "mutually enforcing and corroborative information from confidential sources is a strong indicator of probable cause even when the

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) *(en banc),* this Court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.

individual reliability of the sources is not clearly established"). As to Grant's argument that Agent Dean did not provide information regarding the reliability of the confidential informant's information, while the reliability was not clearly established, it is not always required, and Agent Dean provided that "several" confidential informants had provided information as to Grant selling drugs from his home, thus cross-verifying them. *See United States v. Brundidge,* 170 F.3d 1350, 1353 (11th Cir. 1999) (stating independent police corroboration of a confidential informant's statement is not a requirement in every case); *Weinrich,* 586 F.2d at 490 (noting "[a]ll of the crucial incriminatory facts contained in the affidavit were cross-verified by the two independent confidential sources"). The smell of marijuana from Grant's home paired with confidential informants providing information that Grant was selling drugs from his home suffices to cause a person of reasonable caution to believe that a criminal offense has been or is being committed and that evidence of that offense will be found in a particular place.

As to the question of whether Agent Dean would have sought the search warrant even if he had not conducted the protective sweep, the district court adopted the magistrate judge's factual determination that the Government had shown by a preponderance of the evidence based on Agent Dean's testimony at the suppression hearing that he knew he had "enough to obtain a search warrant" and entered for a protective sweep so that officers would not "stand in the front yard . . . while we go get a search warrant and wait for 30 to 45 minutes" without knowing who was in the house. Given that the facts are construed in the light most

favorable to the prevailing party below and substantial deference is given to the factfinder's explicit and implicit credibility determination, Agent Dean's credibility and testimony is enough to establish by a preponderance of the evidence that he would have obtained the search warrant without knowing that Grant's other sister was in the home or seeing the marijuana on Grant's dresser.  Thus, the ruling does not leave this Court with a definite and firm conviction that the district court erred.  *See United States v. Robertson*, 493 F.3d 1322, 1330 (11th Cir. 2007) (stating a factual finding is clearly erroneous where the reviewing court is left with the definite and firm conviction that a mistake has been committed when reviewing the entirety of the evidence).  Because both parts of the two-part test are met, the evidence seized during the warranted search is admissible regardless of whether the first entry violated the Fourth Amendment.  *See Noriega*, 676 F.3d at 1260.

**AFFIRMED.**